IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR TENNESSEE EASTERN DIVISION
AT GREENEVILLE, TENNESSEE

| | |
|---|---|
| GERALDINE ERWIN,<br><br>    Plaintiff,<br><br>v.<br><br>BAE SYSTEMS, ORDNANCE SYSTEMS, INC,<br><br>    Defendant. | Case No.: 19-cv-227 |

## COMPLAINT

Comes now the plaintiff, by counsel and would respectfully request relief from this Honorable Court for the violations of Title VII *42 U.S.C. §§ 2000e-2 (1991), 2000e-3 (1972)* by the defendant and its agents and assigns. The plaintiff will also show the defendant, its agents and assigns, are in violation of *42 U.S.C. §§ 1981(1991), 1983 (1996)*. Specifically, the plaintiff has been discriminated against because of the plaintiff's sex, color, and race. The discrimination has been intentional, with malice or with reckless disregard for the federally protected rights of the plaintiff. The plaintiff has also been discriminated and retaliated against for participating in a previous investigation concerning the discrimination claims of another employee.

## JURISDICTION

1. In accordance with *28 U.S.C. § 1331(1980),* this is a matter of federal question and the matter arises out of the Constitution, laws, and treaties of the United States;

2. In accordance with *28 U.S.C. § 1332 (2011),* the amount in controversy is greater than $75,000.00;

1

## VENUE

3. In accordance with *28 U.S.C. § 1391 (2011),* venue is proper before this Court because the acts complained about occurred when the plaintiff was an employee of defendant at the defendant's location at 4509 W. Stone Dr., Kingsport, TN, 37660 within Hawkins County, Tennessee;

## PARTIES

4. The plaintiff is Geraldine Erwin, a resident of the state of Tennessee and former employee of the defendant;

5. The defendant is BAE Systems, Ordnance Systems, Inc., and has a plant location at 4509 W. Stone Dr., Kingsport, TN, 37660;

## FACTS

The plaintiff incorporates all the preceding paragraphs and continues to allege as follows:

6. The plaintiff had been employed by the defendant from August of 2001 until January of 2019 when the plaintiff was terminated without just cause from the plaintiff's position;

7. The plaintiff is an African American, black female and at the time of her unlawful termination was Fifty-Three years old;

8. As mentioned, the plaintiff began employment with the defendant in August of 2001;

9. The plaintiff had a stellar career laced with accomplishment in which the plaintiff rose from a financial analyst to the level of program finance manager;

10. In 2013, without cause, the plaintiff was demoted from her position and the plaintiff's salary was cut and this was after working as the right hand to the finance director for over three years;

11. Also, at the end of 2012, without explanation, the plaintiff was given an evaluation and rated very lowly by the finance director and after contacting the human resource department, the finance director had to change the evaluation because the finance director had no basis for the poor low evaluation;

12. During this period of time, the local human resource department asked the plaintiff if there was something personal going on between the plaintiff and the finance director because the local human resource department had only heard about how the finance director would be unable to handle her job without the aid of the plaintiff;

13. In 2018, a black lady named Caudillia "C.J." Anderson was hired by the defendant in the procurement department and in the plaintiff's estimation Anderson seemed to cause a great deal of turmoil within the company immediately upon Anderson's arrival;

14. Anderson's superiors seemed to have many problems with Anderson including not knowing if she was performing her duties or not but during this time Anderson would impose upon the plaintiff's office and speak about the company and what Anderson perceived as discrimination;

15. The plaintiff was called upon to answer questions concerning the ethics complaint Ms. Anderson had made against the defendant;

16. Anderson made a comment to the plaintiff that the plaintiff's pay should not have been cut during the plaintiff's demotion;

17. As a result of this conversation, the plaintiff had a conversation with one of the local ethics officers, Turula Harvey-Miller who encouraged the plaintiff to seek reinstatement to the plaintiff's previous management position;

3

Case 2:19-cv-00227-DCLC-CRW Document 1 Filed 12/26/19 Page 3 of 7 PageID #: 3

18. The plaintiff decided since there were new ethics officers and new personnel in human resources, the plaintiff would ask the questions as to why the plaintiff's salary had been decreased back in 2013;

19. The plaintiff had two discussions: (1) with her boss, Randal Lane, and (2) Turula Harvey-Miller who both informed the plaintiff they would have to recuse themselves from the plaintiff's matter because of their proximity to the plaintiff;

20. On December 12, 2018, the plaintiff spoke with the defendant's corporate ethics officer, Tina[1]

21. Tina was very curt and dismissive of the plaintiff's concerns and questioned the plaintiff about how the plaintiff knew her co-worker's pay was not decreased and suggested the plaintiff had improper conversations concerning compensation;

22. Also, during this conversation, Tina accused the plaintiff of looking up the data on the co-worker and accessing said information for the plaintiff's personal gain which the plaintiff denied immediately to Tina;

23. Tina purposely and intentionally created a lie concerning the plaintiff accessing information for the plaintiff's personal gain;

24. On January 8, 2019, the plaintiff was confronted by one of the human resource managers[2] and the plaintiff's boss, Randal Lane and they informed the plaintiff the plaintiff was terminated immediately for violation of company policy 125 which prohibits an employee from using company information for personal gain;

25. The human resource manager admitted this termination was a result of the conversation the plaintiff had with Tina;

---

[1] The last name of Tina will be sought in discovery.
[2] The full identity of this individual will be sought in discovery.

26. The company terminated an 18-year veteran of the company with tremendous experience and failed to produce one iota of evidence supporting Tina's claim the plaintiff had improperly accessed any information to learn of the pay disparities;

27. The plaintiff filed a charge with the E.E.O.C.[3] (Equal Employment Opportunity Commission) and the E.E.O.C issued a right to sue letter on September 27, 2019;

**SPECIFIC ALLEGATIONS OF INTENTIONAL DISCRIMINATION AND AGENCY**

The plaintiff incorporates all of the previous paragraphs and continues to allege as follows:

28. Tina and the human resource managers are agents of the defendant and the defendant is vicariously liable for their actions in this matter;

29. Tina and the human resource managers intentionally discriminated against the plaintiff because the plaintiff's sex, race, and color and delivered pretextual reasonings for the plaintiff's termination;

30. Tina intentionally and with malice created a false narrative about the plaintiff and failed to produce any evidence the plaintiff acted improperly or against company policy and this is because of the color, race, and sex of the plaintiff;

31. The plaintiff will also show the statistics of black management in this particular location during all times relevant to the plaintiff's employment will overcome any pretextual reasonings given by the defendant for the plaintiff's termination;

32. The defendant illegally and intentionally discriminated against the plaintiff due to her race, color, and sex because the plaintiff raised the issue of the pay disparity between

---

[3] The EEOC complaint is attached as Exhibit A.

herself and male counterpart who had also been demoted without having his pay reduced and the defendant delivered pretextual reasons for the termination of the plaintiff;

33. Further, the defendant engaged in the intentional and wanton discriminatory employment practices against the plaintiff with malice or with reckless disregard for the federally protected rights of the aggrieved plaintiff;

34. The plaintiff is severely damaged financially by the actions of the defendant.

**SPECIFIC ACTS OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

The plaintiff incorporates the foregoing paragraphs and continues to allege as follows:

35. By terminating the plaintiff, the defendant intentionally caused great distress and embarrassment to the plaintiff without just cause;

36. The defendant's actions were cruel, malicious, extreme and outrageous;

37. It is extreme and outrageous conduct to make up an allegation against the plaintiff as Tina did to have the plaintiff terminated from the plaintiff's position;

38. The plaintiff is damaged by these actions greatly emotionally.

**WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFF PRAYS** that:

1. This Honorable Court would issue summons against the defendant to answer for these acts of intentional and malicious discrimination against the plaintiff;

2. A jury be empaneled to hear this matter before this Court;

3. Upon a finding of guilt against the defendant in any or all of the allegations against the defendant, the jury would award an amount of $1,000,000.00 for the intentional discrimination; $100,000.00 for the Intentional Infliction of Emotional Distress; and backpay (amount to be determined) for the amount of money the plaintiff would have

realized from 2013 when she was demoted until her termination in 2019; and punitive damages in the amount of $4,000,000.00 because the acts of the defendant are wanton, extreme, outrageous, intentional, and malicious;

4. Any and all such further relief this Honorable Court deems necessary and proper given the nature and circumstances of this matter.

                Humbly submitted,

                s/Kyle D. Vaughan
                Kyle D. Vaughan, Esq., BPR#032416
                Attorney for the Plaintiff
                **The Law Offices of Kyle D. Vaughan**
                245 E. New St., Suite 203
                Kingsport, TN 37660
                (423)300-6636 Office Phone
                Email: Counselorkdv@gmail.com